UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| WILLIAM RANDALL LOGSDON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:16-CV-137-JHM |
| MSCB, INC., | |
| | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, WILLIAM RANDALL LOGSDON ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of MSCB, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Kentucky and all of the events or omissions giving rise to the claims occurred within the Western District of Kentucky.

### PARTIES

1

4. Plaintiff is a 44 year old natural person, currently residing at 2311 West 5th Street, Owensboro, Kentucky, which falls within the Southern Western District of Kentucky.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. From its headquarters located at 1410 Industrial Park Road, Paris, Tennessee, Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

7. Defendant is a Tennessee corporation that is registered with the Kentucky Secretary of State under identification number 0722482 and regularly collects consumer debts in Kentucky.

8. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9. On its correspondences, Defendant identifies itself as a debt collector.

### FACTS SUPPORTING CAUSES OF ACTION

10. Plaintiff has a myriad of health problems including sever diabetic neuropathy, loss of his big toe, stroke, and loss of the use of his right eye. Due to his medical issues, Plaintiff is unable to work and in the process of applying for disability benefits from the Social Security Administration. *See* attached Exhibit A is a true and correct copy of an Affidavit signed by Plaintiff.

11. Throughout the last many years, Plaintiff has incurred a large amount of medical debt owed to various healthcare providers which he has been unable to fully pay. As a result, Plaintiff has been contacted by a number of different companies seeking payment from him for medical debt. *See* attached Exhibit A.

12. Plaintiff is also financially responsible for his minor daughter, Skyler. *Id.*

13. In an effort to establish what outstanding liabilities he had, Plaintiff pulled his credit report in early October 2016. Included on the report was an entry by Defendant. *Id.*

14. Not recognizing Defendant's name, Plaintiff looked up its telephone number on the internet. *Id.*

15. On October 7, 2016, Plaintiff called Defendant and was connected to a female representative named Taylor. During this call, Plaintiff informed Defendant that he had pulled his credit report and was looking for additional information. *Id.*

16. After Plaintiff provided his phone number and address, Defendant was able to locate his account. *Id.*

17. Defendant advised that it was seeking payment on outstanding medical bills at Owensboro Health Regional Hospital ("OHRH") for a visit with Skyler on November 18, 2014 in the amounts of $11.00, $48.00, and $139.00. ("subject consumer debt"). *Id.*

18. Upon information and belief, OHRH turned the collection of the subject consumer debt over to Defendant after Plaintiff's default.

19. At no point during the October 7, 2016 telephone communication did Defendant identify itself as a debt collector. *Id.*

20. Upon information and belief, Defendant routinely fails to identify itself as a debt collector during its telephonic communications with consumers.

21. Confused over his communications with Defendant, Plaintiff spoke with CLP regarding his rights.

22. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's collection actions.

23. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

24. Plaintiff has been unfairly misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

27. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the October 7, 2016 communications with Plaintiff. During this call, Defendant did not advise Plaintiff that it was acting as a debt collector. Because the communication were not formal pleadings made in connection with a legal action, Defendant was mandated by the FDCPA to give the above disclosure.

28. As an experienced and sophisticated debt collector, Defendant knows that it is required to make this disclosure. Plaintiff asserts that Defendant routinely ignores this disclosure during its telephonic debt collection communications.

29. Given that Defendant failed to advise that it was a debt collector, Defendant's communications with Plaintiff were misleading and Defendant gained an unfair advantage over him as consumers are more likely to pay an original party of interest as opposed to a third-party.

30. As plead in paragraphs 21 through 24, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal collection actions.

31. WHEREFORE, Plaintiff, WILLIAM RANDALL LOGSDON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 14, 2016                    Respectfully Submitted,

                                           s/ Daniel M. Spector
                                           Daniel M. Spector Esq. #6301224
                                           Counsel for Plaintiff
                                           Consumer Law Partners, LLC
                                           435 N. Michigan Ave., Suite 1609
                                           Chicago, Illinois 60611
                                           (267) 422-1000 (phone)
                                           (267) 422-2000 (fax)
                                           Daniel.s@consumerlawpartners.com
                                           davidklain@aol.com